## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Lucas Williams, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:26-cv-10 |
| | ) **REPORT AND RECOMMENDATION** |
| Sergio Jimenez, Kevin C. McClanahan, Carmen Pacheco, Dawn Hill-Kearse, Wavny Toussaint, | ) |
| Defendants. | ) |

Plaintiff Lucas Williams, proceeding without counsel and in forma pauperis, filed a complaint against five defendants he identified by name only. (Doc. 4). Under 28 U.S.C. § 1915(e)(2), the court may sua sponte review an in forma pauperis complaint prior to service on the defendants. If the court determines the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant immune from such relief, the court must dismiss the complaint before service on that defendant. This court now reviews Williams' complaint under § 1915(e)(2).

**Background**

Review of federal court filings shows that, since January 5, 2026, Williams has filed complaints in at least forty-five federal district courts against the same defendants. All of the complaints are essentially identical. See, e.g., Williams v. Jimenez, No. 1:26-cv-8, Doc. 1 (D.N.H. Jan 5, 2026). Williams' complaint includes few details. He alleges defendants, who other courts have identified as New York state court judges, a New

York Supreme Court justice, and a New York County Clerk,[1] "conspired with individuals in [case] LT-325749-22/KI, in which the next court appearance is scheduled for 2/4/2026," to violate due process.[2] For relief, Williams requests compensatory and punitive damages "estimated over $500,000." (Doc. 4). The envelope in which Williams mailed his complaint identifies his return address as being in New Orleans, Louisiana, but the envelope was postmarked in New York. (Doc. 4-1).

## Law and Discussion

To state a cognizable claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2), as interpreted by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 556 U.S. 662 (2009), and their progeny. To meet the Twombly/Iqbal standard, a complaint must present a "plausible" claim and must give the defendants fair notice of the claim and of the grounds upon which it rests. E.g., Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015). When the factual content of a complaint allows the court to reasonably infer a defendant is liable for the alleged misconduct, the complaint has stated a facially plausible claim. Iqbal, 556 U.S. at 678. In other words, the complaint must "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (citation omitted).

While facts alleged in the complaint are to be accepted as true, conclusory allegations of the elements of a cause of action are insufficient to state a claim that is

---

[1] See, e.g., Williams v. Jimenez, No. 3:26-cv-11, Doc. 4 (W.D. Wisc. Jan. 7, 2026) (order dismissing the complaint as duplicative and malicious).

[2] The District of New Hampshire noted, "A landlord tenant matter bearing that docket number was filed in Kings County Civil Court in New York" and does not identify Willimas as a case participant. Williams v. Jimenez, No. 1:26-cv-8, Doc. 3 (D.N.H. Jan 12, 2026) (citing Yao Wen Zeng Lei v. Yu Hin Chan, No. LT-325749-22/KI (N.Y. Civ. Ct., Kings Cnty.)), report and recommendation pending.

plausible on its face. Id. In construing a pro se complaint, a court is to take a liberal approach and is to hold a pro se litigant to a less stringent pleading standard than would be required of attorneys. Erickson v. Pardus, 551 U.S. 89, 93 (2007).

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in a judicial district where any defendant resides or in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. It appears no defendant resides in the District of North Dakota, and Williams alleges no facts connected to the District of North Dakota. While the court could transfer the case to a proper venue,[3] dismissal of the complaint rather than transfer of venue is appropriate because Williams' complaint includes no factual support and is subject to dismissal under the pleading standards of Twombly/Iqbal.

## Recommendation

Because Williams has not stated any plausible claim, this court **RECOMMENDS** his complaint, (Doc. 4), be dismissed. Because any appeal would be frivolous and could not be taken in good faith, this court further **RECOMMENDS** the district judge find any appeal may not be taken in forma pauperis.

Dated this 16th day of January, 2026.

>  */s/ Alice R. Senechal*
>  Alice R. Senechal
>  United States Magistrate Judge

---

[3] At least one court transferred Williams' complaint to the Eastern District of New York, so the same complaint is already before that court. See Williams v. Jiminez, No. 3:26-cv-40, Doc. 3 (M.D. La. Jan. 13, 2026).

## NOTICE OF RIGHT TO OBJECT[4]

Any party may object to this Report and Recommendation and Order by filing with the Clerk of Court no later than **February 2, 2026**, a pleading specifically identifying those portions of the Report and Recommendation and Order to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals. Dated this 16th day of January, 2026.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

---

[4] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.